# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) SUZANNE M. GILBREATH, individually and in her official capacity as Guardian of Lacee Danielle Marez, an incapacitated person,<br><br>         Plaintiff,<br><br>    -vs-<br><br>1) BOARD OF COUNTY COMMISSIONERS OF CLEVELAND COUNTY,<br>2) JOSEPH K. LESTER, individually and in his official capacity as Sheriff,<br>3) Detention Specialist BROWN, individually and in her official capacity,<br>4) CALISTA HARLOW, individually and in her official capacity,<br>5) Deputy HERNANDEZ, individually and in his official capacity,<br>6) Deputy JACKSON, individually and in his official capacity,<br>7) KIM LOPEZ, individually and in her official capacity,<br>8) John Does 1-10, individually and in his/her official capacity,<br><br>         Defendants. | Case No. CIV- 11-1037-D |

## COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW the Plaintiff, SUZANNE M. GILBREATH, and for her cause of action against the Defendants alleges and states as follows:

*Introduction*

1.       Plaintiff brings this action against the above-named Defendants pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of the rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of one Lacee Danielle Marez, an incapacitated person.  Plaintiff seeks actual damages, punitive damages, and attorney fees and costs to redress and remedy the deprivations of the Constitutional rights of the said Lacee Danielle Marez, an incapacitated person.

*Parties, Jurisdiction, and Venue*

2.       This action is brought for the benefit of the Plaintiff as Guardian of Lacee Danielle Marez, an incapacitated person, pursuant to 42 U.S.C. §1983 and the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States to redress the violations of certain Constitutional rights of the said Lacee Danielle Marez.

3.       Plaintiff SUZANNE GILBREATH is a resident of Pottawatomie County, Oklahoma.  Plaintiff is the mother of Ms. Lacee Danielle Marez, and was also appointed the Guardian of Ms. Lacee Danielle Gilbreath on the 20th day of October 2009, in the matter entitled *In the Matter of the Guardianship of Lacee Danielle Marez, an Incapacitated Person*, filed in the District Court of Pottawatomie County, Oklahoma, Case No. PG-2009-99.

4. Defendant Cleveland County Board of Commissions is located in Norman, Cleveland County, Oklahoma. It was at all times commissioned to have oversight of the Cleveland County Sheriff's Office.

5. Defendant Joseph K. Lester is the Sheriff of Cleveland County, who was at all times was duly employed by and acting on behalf of the Cleveland County Sheriff's Office, Norman, Oklahoma. Upon information and belief, said Defendant was a resident of the State of Oklahoma, over whom this Court has *in personam* jurisdiction.

6. Defendants Detention Specialist Brown, Detention Specialist Calista Harlow, Deputy Hernandez, Deputy Jackson, Detention Specialist Kim Lopez, and John Does 1-10 were duly employed by and acting on behalf of the Cleveland County Sheriff's Office, Norman, Oklahoma. Upon information and belief, said Defendants were residents of the State of Oklahoma, over whom this Court has *in personam* jurisdiction.

7. The jurisdiction of this Court is founded upon 28 U.S.C. §1331, and Plaintiff asks that this Court exercise pendent jurisdiction over Plaintiff's State law claims.

8. Most, if not all of the actions, omissions and events complained of herein all occurred in the City of Norman, Cleveland County, Oklahoma, and therefore this Court is the proper venue for this matter.

*C l a I m s*

9.      On or about September 17th, 2009, Plaintiff's daughter, Ms. LACEE DANIELLE MAREZ (hereinafter referred to as "Ms. Marez"), was taken into custody by agents of the Cleveland County Sheriff's Office after appearing two (2) hours late for a court appearance related to criminal felony charges.  Ms. Marez was picked up on the warrant, her bond was surrendered, and she was then taken to the Cleveland County Detention Center for booking.

10.     While in the Cleveland County Detention Center, upon information and belief, Defendants Detention Specialist Brown, Detention Specialist Calista Harlow, Deputy Hernandez, Deputy Jackson, Detention Specialist Kim Lopez, and John Doe choked Ms. Marez, threw her into the jail, and threw her down on the concrete floor with such excessive force that Plaintiff struck her head causing a traumatic brain injury resulting in Ms. Marez going into a coma, suffering a heart attack, and remaining in a permanent vegetative state.

11.     After the assault of Ms. Marez, while still in her cell, she began complaining of physical distress and requested medical treatment on numerous occasions. Ms. Marez began vomiting, urinating on herself, and laying lethargic on her cell bed.  Despite repeated pleas from Ms. Marez and others for three (3) days, Ms. Marez was denied medical treatment as a result of deliberate indifference of the Defendants John Doe.

12. Ms. Marez then suffered cardiac arrest on or about September 20th, 2009, and lay for twenty (20) minutes before emergency medical services arrived.

*Liability of Defendants*

a. Board of Commissioners

13. Defendant, Board of Commissioners, is empowered to be sued by virtue of the laws of the United States and of the State of Oklahoma. Said Board is responsible for the policies, practices, and customs of its Sheriff's Office and its Detention Center, and also is responsible for the hiring, training, supervising, controlling and disciplining of its law enforcement officers, detention specialists, deputies, and jailers. Said Board is also responsible for the operations, practices and totality of the conditions and operations of its Detention Center.

14. Said Board, as well as certain supervisory personnel, including Defendant Joseph K. Lester, who was the Sheriff and Administrator of the Cleveland County Detention Center at the times herein complained of, and also including Defendants John Doe, failed to take the steps necessary to see that competent and properly trained individuals were in charge of the inmates at the Cleveland County Detention Center.

15. Said Board, as well as certain supervisory personnel, including Defendants John Doe, failed to implement and enforce policies that would ensure that inmates with medical complaints would be property treated and also failed to

ensure that policies were intact that would ensure that inmates with serious medial need would receive proper attention and also failed to adequately investigate other incidents involving irregular practices regarding inmates in said jail and the booking in process of said inmates and the sight checking other inmates.  Said failures as alleged above were done on a repeated and constant basis and so condoned as to become in fact, the regular practices of the Cleveland County Detention Center and same occurred to the extent that said failures amounted to deliberate indifference to the serious medical needs of Plaintiff's daughter, Ms. Marez.  Said failures were a direct and proximate cause of the incapacitated state of Plaintiff's daughter.

16. Said Board, as well as certain supervisory personnel, including Defendants John Doe, failed to train and/or supervise personnel having direct contact with the Cleveland County Detention Center inmates so that said inmates' serious medical needs could be properly recognized and handled to the extent that said failures amounted to a deliberate indifference to the serious medical needs of Plaintiff's daughter, Ms. Marez.

17. Said Board, adopted an attitude and instilled in its employees an attitude of supervisory indifference and actual indifference towards the recognition of serious medical needs of inmates and towards the supervision and observation of the inmates of said Detention Center, including Plaintiff's daughter, to the extent that said amounted to a deliberate indifference to the serious medical needs of Plaintiff's daughter, Ms. Marez.

18. Said Board, as well as certain supervisory personnel, including Defendants John Doe, failed to appoint and hire qualified, competent personnel who were properly trained and capable of making sound and reasonable decisions, including decisions pertinent to the medical needs of inmates, all of which amounted to a deliberate indifference to the serous medical condition of Plaintiff's daughter, Ms. Marez.

19. Said Board, as well as certain supervisory personnel, including Defendants John Doe, failed to establish an adequate medical needs program and failed to train jailers, detention specialists, deputies and other Detention Center personnel to properly and adequately identify inmates with serious medical needs and said Board failed to property monitor the medical needs of inmates, failed to develop adequate procedures, guidelines and training as to the safeguarding of inmates' medical conditions such as Plaintiff's daughter, Ms. Marez.  All of the foregoing amount to a deliberate indifference towards the serious medical health needs and condition of Plaintiff's daughter, Ms. Marez.

### b. Joseph K. Lester

20. Plaintiff adopts herein those allegations contained in numbered paragraphs 1 through 19 above. Said Defendant was the Sheriff of Cleveland County at all times herein complained of.  Plaintiff re-alleges herein those allegations set forth in paragraphs numbered 1 through 19 above.  Plaintiff alleges that said acts,

omissions, and failures to act on part of said individual Defendant as alleged above amount to actionable negligence and said negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051.  Plaintiff further alleges that said acts committed by said Defendant amounted to gross negligence and were so wilful and wanton as to take him outside the scope of any immunity that might have been available to him through the Oklahoma Tort Claims Act or any other laws of the State of Oklahoma.  Plaintiff further alleges that said acts on the part of Defendant amount to a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

### c.  Detention Specialist Brown

21.    Plaintiff adopts herein those allegations contained in paragraphs numbered 1 through 20 above.  Said Defendant was a Detention Specialist and employee of the Cleveland County Sheriff's Office at all times herein complained of.  Plaintiff re-alleges herein those allegations contained in paragraphs numbered 1 through 23 above. Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to actionable negligence and said negligence is the direct cause of Ms. Marez's incapacitated state and by

reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051. Plaintiff further alleges that said acts committed by said Defendant amounted to gross negligence and were so wilful and wanton as to take him outside the scope of any immunity that might have been available to him through the Oklahoma Tort Claims Act or any other laws of the State of Oklahoma. Plaintiff further alleges that said acts on the part of Defendant amount to a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

          d.    Detention Specialist Calista Harlow

22. Plaintiff adopts herein those allegations contained in paragraphs numbered 1 through 21 above. Said Defendant was a Detention Specialist and employee of Cleveland County Sheriff's Office at all times herein complained of. Plaintiff re-alleges herein those allegations contained in paragraphs numbered 1 through 23 above. Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to actionable negligence and said negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051. Plaintiff further alleges that said acts committed by said Defendant

amounted to gross negligence and were so wilful and wanton as to take her outside the scope of any immunity that might have been available to her through the Oklahoma Tort Claims Act or any other laws of the State of Oklahoma. Plaintiff further alleges that said acts on the part of Defendant amount to a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

e.   Deputy Hernandez

23.   Plaintiff adopts herein those allegations contained in paragraphs numbered 1 through 22 above. Said Defendant was an employee and agent of the Cleveland County Sheriff's Office at all times herein complained of. Plaintiff re-alleges herein those allegations contained in paragraphs numbered 1 through 23 above. Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to actionable negligence and said negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 § 1051. Plaintiff further alleges that said acts committed by said Defendant amounted to gross negligence and were so wilful and wanton as to take him outside the scope of any immunity that might have been available to him through the Oklahoma Tort

Claims Act or any other laws of the State of Oklahoma.  Plaintiff further alleges that said acts on the part of Defendant amount to a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

### f.  Deputy Jackson

24.    Plaintiff adopts herein those allegations contained in paragraphs numbered 1 through 23 above.  Said Defendant was an agent and employee of the Cleveland County Sheriff's Office at all times herein complained of.  Plaintiff re-alleges herein those allegations contained in paragraphs numbered 1 through 23 above. Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to actionable negligence and said negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051. Plaintiff further alleges that said acts committed by said Defendant amounted to gross negligence and were so wilful and wanton as to take him outside the scope of any immunity that might have been available to him through the Oklahoma Tort Claims Act or any other laws of the State of Oklahoma.  Plaintiff further alleges that said acts on the part of Defendant amount to a deliberate indifference toward the

serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

### g. Detention Specialist Kim Lopez

27. Plaintiff adopts herein those allegations contained in paragraphs numbered 1 through 26 above. Said Defendant was a Detention Specialist of Cleveland County Sheriff's Office at all times herein complained of. Plaintiff re-alleges herein those allegations set forth in paragraphs numbered 1 through 26 above. Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to actionable negligence and said negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051. Plaintiff further alleges that said acts committed by said Defendant amounted to gross negligence and were so wilful and wanton as to take her outside the scope of any immunity that might have been available to her through the Oklahoma Tort Claims Act or any other laws of the State of Oklahoma. Plaintiff further alleges that said acts on the part of Defendant amount to a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S.

Constitution. Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

      h.   John Does 1 through 10

28.   Plaintiff adopts herein those allegations contained in paragraphs numbered 1 through 27 above. Said Defendants were agents and employees of the Cleveland County Sheriff's Office at all times herein complained of. Plaintiff re-alleges herein those allegations set forth in paragraphs numbered 1 through 27 above. Plaintiff alleges that said acts on the part of Defendants who were on duty from September 18th to September 20th, 2011, and who failed to conduct a medical check of Ms. Marez, wholly failed to respond to her and others' pleas for medical help, and wholly failed to arrange for medical services as required by Oklahoma Jail Standards and Oklahoma law, together with the acts on the part of Defendants who used excessive force during Ms. Marez's booking, amounts to a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff further alleges that said acts committed by said Defendants amounted to gross negligence and were so wilful and wanton as to take him/her outside the scope of any immunity that might have been available to him/her through the Oklahoma Tort Claims Act or any other laws of the State of Oklahoma. Plaintiff alleges that said acts, omissions, and failures to act on

part of said individual Defendants as alleged above amount to actionable negligence and said negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendants are liable to Plaintiff for damages pursuant to O.S. 12 §1051.

## Conspiracy and Coverup

29. Plaintiff further alleges that each of the individual Defendants herein conspired with each other to cover up and did try to cover up their wrongful acts as alleged herein, in an attempt to prevent their wrongdoing from being discovered. Said acts were wilful and wanton and take them, and each one of them, outside the scope of any immunity that might have been available to them by reason of the Oklahoma Tort Claims Act or any other laws. By reason of said acts, Plaintiff endured additional grief, suspicions and mental anguish and is entitled to recover damages therefore, both actual and punitive.

## Punitive Damages

30. Plaintiff re-adopts and re-alleges herein all allegations set forth in paragraphs numbered 1 through 29 above. Plaintiff further alleges that each of the Defendants herein have been guilty of acts evincing a wilful, wanton and/or reckless disregard for the rights of Plaintiff's daughter, and also are guilty of fraud, oppression and/or malice and, thus, in addition to actual damages, Plaintiff is entitled to punitive

damages under Oklahoma law. Plaintiff also alleges that said acts, omissions, and failures to act reflect a wanton or reckless disregard for the rights of Plaintiff's daughter and amount to gross negligence and show a reckless, callus and deliberate indifference to Plaintiff's constitutional rights and common decency to humankind. Thus, Plaintiff is entitled to punitive damages because of the violation of the constitutional rights of Plaintiff's daughter, Ms. Marez.

*Plaintiff's Damages*

31.   Plaintiff re-adopts and re-alleges herein all allegations set forth in paragraphs numbered 1 through 30 above. By reason of the violations of Decedent's civil rights under the United States Constitution as herein alleged and Defendants' negligence as herein alleged, Plaintiff sustained the following damages:

   a.   Loss of earnings of said Ms. Marez what would have been the remainder of her life;

   b.   Medical expenses incurred as a result of her hospitalization and permanent vegetative state;

   c.   Pain and suffering suffered by said Ms. Marez;

   d.   Ms. Marez's loss of consortium and loss of enjoyment of life;

   e.   Plaintiff should be compensated by reason of her grief sustained due to her daughter's permanent injuries and should also be compensated

   for loss of companionship with her;

 f. Punitive damages because of the wilful, wanton and reckless disregard of life and Ms. Marez's rights as exhibited by the Defendants herein; and,

 g. Reasonable attorneys' fees and costs herein.

*Prayer for Relief*

WHEREFORE, premises considered, Plaintiff prays for actual damages against the Defendants herein in the sum of not less than One Hundred Twenty-five Thousand Dollars ($125,000.00), together with punitive damages in the amount of not less than One Hundred Twenty-five Thousand Dollars ($125,000.00) and a reasonable attorneys' fees, costs, pre-judgment and post-judgment interests as provided by law, and for such and other relief as may be proper in the premises.

          **LINCOLN COUNTY LAW CENTER**

          S/Miles C. Zimmerman
          Miles C. Zimmerman OBA No. 10004
          808 Manvel Avenue
          Chandler, OK 74834
          (405) 258-5555
          (405) 258-5556 Fax No.
          Email: LAWCTR @ aol.com

          ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED