IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUZANNE M. GILBREATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-11-1037-D |
| | ) | |
| CLEVELAND COUNTY BOARD OF COUNTY COMMISSIONERS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 29, 2012, the Court entered its Order [Doc. No. 12] directing Plaintiff to show cause for her failure to perfect service of summons and the Complaint upon all defendants other than the Cleveland County Board of County Commissioners (the "Board") and Joseph K. Lester ("Lester"). The Order noted that returns of service had not been filed as to any defendant, but that the Board and Lester had entered appearances. As noted in the Order, Federal Rule of Civil Procedure 4 requires service of the summons and Complaint within 120 days after the Complaint is filed, and that time period had expired in this case.

Plaintiff timely responded to the show cause order, and explained that she had been unable to ascertain the identities of the ten "John Doe" defendants named in the Complaint. With respect to the other named defendants, she advised the Court that she had been unable to obtain accurate addresses for them, but believed she could do so.

In the meantime, the Board and Lester filed a motion to dismiss the Complaint for failure to state a claim for relief in accordance with Rule 12(b)(6). In their motion, they argued the John Doe defendants should be dismissed and, in response, Plaintiff agreed they should be dismissed because

she cannot identify them. She indicated that, if discovery revealed their identities, she would later seek leave to amend her Complaint to add them as defendants.

By separate Order, the Court granted in part and denied in part the motion to dismiss of the Board and Lester. In that Order, the Court authorized Plaintiff to file an amended complaint to cure certain pleadings deficiencies. Because she agreed the John Doe defendants should be dismissed at this time, the Court directed that they be omitted from the Amended Complaint.

With respect to the named defendants who have not been served, the filing of an amended complaint does not extend the Rule 4(m) time limit for perfecting service as to the defendants named in the original complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 -1149 (10th Cir. 2006). However, the Court construes Plaintiff's response to the show cause order as a request for additional time to perfect service upon the unserved defendants other than the John Doe defendants. The Court grants Plaintiff an extension of time until 21 days after the filing of her amended complaint in which to serve defendants Brown, Calista Harlow, Deputy Hernandez, Deputy Jackson and Kim Lopez. Plaintiff shall serve them with summons and the Amended Complaint. Failure to do so within the extended time period will result in dismissal without prejudice of this action against any defendant for whom service has not been perfected. If Plaintiff later ascertains the identities of the John Doe defendants and seeks to add them, she will be required to seek leave of Court to file another amended complaint for that purpose.

IT IS SO ORDERED this 9th day of July, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE