**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) SUZANNE M. GILBREATH,<br>individually and in her official capacity as<br>Guardian of Lacee Danielle Marez,<br>an incapacitated person,<br><br>        Plaintiff,<br><br>   -vs-<br><br>1) BOARD OF COUNTY COMMISSIONERS<br>OF CLEVELAND COUNTY,<br>2) CALISTA HARLOW,  individually<br>and in her official capacity,<br>3) TIM LOPEZ, individually<br>and in his official capacity,<br>4) JOHNATHAN JACKSON, individually<br>and in his official capacity,<br>5) RANDY DUGAN, individually<br>and in his official capacity,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-11-1037-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**SECOND AMENDED COMPLAINT**

_____

COMES NOW the Plaintiff, SUZANNE M. GILBREATH, and for her cause of action against the Defendants alleges and states as follows:

*I n t r o d u c t i o n*

1.       Plaintiff brings this action against the above-named Defendants pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of the rights, privileges and immunities secured by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of one Lacee Danielle Marez, an incapacitated person.  Plaintiff seeks actual damages, punitive damages, and attorney fees and costs to redress and remedy the deprivations of the Constitutional rights of the

said Lacee Danielle Marez, an incapacitated person.

*P a r t i e s ,   J u r i s d i c t i o n ,   a n d   V e n u e*

2.      This action is brought for the benefit of the Plaintiff as Guardian of Lacee Danielle Marez, an incapacitated person, pursuant to 42 U.S.C. §1983 and the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States to redress the violations of certain Constitutional rights of the said Lacee Danielle Marez.

3.      Plaintiff SUZANNE GILBREATH is a resident of Pottawatomie County, Oklahoma. Plaintiff is the mother of Ms. Lacee Danielle Marez, and was also appointed the Guardian of Ms. Lacee Danielle Gilbreath on the 20th day of October 2009, in the matter entitled *In the Matter of the Guardianship of Lacee Danielle Marez, an Incapacitated Person*, filed in the District Court of Pottawatomie County, Oklahoma, Case No. PG-2009-99.

4.      Defendant Cleveland County Board of Commissions is located in Norman, Cleveland County, Oklahoma.  It was at all times commissioned to have oversight of the Cleveland County Sheriff's Office.

5.      Defendants Calista Harlow, Tim Lopez, Johnathan Jackson and Randy Dugan were duly employed by and acting on behalf of the Cleveland County Sheriff's Office, Norman, Oklahoma.  Upon information and belief, said Defendants were residents of the State of Oklahoma, over whom this Court has *in personam* jurisdiction.

6.      The jurisdiction of this Court is founded upon 28 U.S.C. §1331, and Plaintiff asks that this Court exercise pendent jurisdiction over Plaintiff's State law claims.

7.      Most, if not all of the actions, omissions and events complained of herein all occurred in the City of Norman, Cleveland County, Oklahoma, and therefore this Court is the proper venue

2

for this matter.

*C l a i m s*

8.     On or about September 17th, 2009, Plaintiff's daughter, Ms. LACEE DANIELLE MAREZ (hereinafter referred to as "Ms. Marez"), was taken into custody by agents of the Cleveland County Sheriff's Office after appearing two (2) hours late for a court appearance related to criminal felony charges.   Ms. Marez was picked up on the warrant, her bond was surrendered, and she was then taken to the Cleveland County Detention Center for booking.

9.     While in the Cleveland County Detention Center, upon information and belief, Defendants Calista Harlow, Johnathan Jackson and Randy Dugan choked Ms. Marez, picked her up off the ground by her throat and held her there for several minutes while sticking a finger down her throat.  They then threw her down on the concrete floor with such excessive force that Plaintiff struck her head.  The trauma resulting from this attack and subsequent failure to provide medical treatment caused a traumatic brain injury resulting in Ms. Marez going into a coma, eventually suffering a heart attack, and remaining in a permanent vegetative state.

10.     After the assault of Ms. Marez, while still in her cell, she began complaining of physical distress and on numerous occasions requested medical treatment. Ms. Marez began vomiting, urinating on herself, and laying lethargic on her cell bed.  Despite repeated pleas to the Cleveland County Detention Center employees from Ms. Marez and others for three (3) days,  Ms. Marez was denied medical treatment as a result of deliberate indifference of the Cleveland County Detention Center employees.

11.     Ms. Marez then suffered cardiac arrest on or about September 20th, 2009, and lay for twenty (20) minutes before emergency medical services arrived.

3

*Liability of Defendants*

a. Board of Commissioners

12.     Defendant Board of Commissioners is empowered to be sued by virtue of the laws of the United States and of the State of Oklahoma.  Said Board is responsible for the policies, practices, and customs of its Sheriff's Office and its Detention Center, and also is responsible for the hiring, training, supervising, controlling and disciplining of its law enforcement officers, detention specialists, deputies, and jailers.  Said Board is also responsible for the operations, practices and the totality of the conditions and operations of its Detention Center.

13.     Said Board, its agents and employees failed to implement and enforce policies that would ensure that inmates with medical complaints would be properly responded to and treated, failed to ensure that policies were intact that would ensure that inmates with serious medical need would receive proper attention, failed to ensure that inmates receive basic medical treatment, failed to adequately investigate other incidents involving irregular practices regarding inmates in said jail and the booking in process of said inmates, and failed to ensure sight checking of inmates.  Said failures as alleged above were done on a repeated and constant basis and so condoned as to become, in fact, the regular practices of the Cleveland County Detention Center and the same occurred to the extent that said failures amount to deliberate indifference to the serious medical needs of Ms. Marez and deprivation of basic elements of adequate medical treatment.  Said failures were a direct and proximate cause of the incapacitated state of Plaintiff's daughter.

14.     Said Board, its agents and employees failed to supervise personnel having direct contact with the Cleveland County Detention Center inmates so that said inmates' medical needs could be properly recognized and handled to the extent that said failures amount to deliberate

4

indifference to the serious medical needs of Ms. Marez and deprivation of the basic elements of adequate medical treatment, thus violating her constitutional rights.

15.     Said Board, its agents and employees adopted and instilled in its employees an attitude of supervisory indifference and actual indifference towards the recognition of serious medical needs of inmates and towards the supervision and observation of the inmates of said Detention Center, including Plaintiff's daughter, to the extent that said indifference amounted to a deliberate indifference to the serious medical needs of Plaintiff's daughter and deprivation of the basic elements of adequate medical treatment.

16.     Said Board allowed the Cleveland County Detention Center employees to act in such a way as to ignore Ms. Marez's repeated pleas for help, thus denying her adequate medical treatment. This failure to respond to the pleas of Ms. Marez for medical attention and failure to provide medical attention as alleged above amounts to deliberate indifference to the serious medical needs of Ms. Marez and deprivation of the basic elements of adequate medical treatment, thus violating her constitutional rights.

b.     Detention Specialist Calista Harlow

17.     Plaintiff adopts and re-alleges herein those allegations contained in paragraphs numbered 1 through 16 above.  Said Defendant was a Detention Specialist and employee of Cleveland County Sheriff's Office at all times herein complained of.  Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to specific misconduct and actionable negligence and said misconduct and negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051.  Plaintiff further alleges that said acts on the part of

5

Defendant amount to substantial risk of serious harm and a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

c.   Detention Specialist Tim Lopez

18.    Plaintiff adopts and re-alleges herein those allegations contained in paragraphs numbered 1 through 17 above.  Said Defendant was an employee of Cleveland County Sheriff's Office at all times herein complained of.  Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to specific misconduct and actionable negligence and said misconduct and negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051.  Plaintiff further alleges that said acts on the part of Defendant amount to substantial risk of serious harm and a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

d.   Detention Specialist (or Deputy) Johnathan Jackson

19.    Plaintiff adopts and re-alleges herein those allegations contained in paragraphs numbered 1 through 18 above.  Said Defendant was an employee of Cleveland County Sheriff's Office at all times herein complained of.  Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to specific misconduct and actionable negligence and said misconduct and negligence is the direct cause of Ms. Marez's

6

incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051. Plaintiff further alleges that said acts on the part of Defendant amount to substantial risk of serious harm and a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

e.   Detention Specialist (or Deputy) Randy Dugan

20.   Plaintiff adopts and re-alleges herein those allegations contained in paragraphs numbered 1 through 19 above. Said Defendant was an employee of Cleveland County Sheriff's Office at all times herein complained of. Plaintiff alleges that said acts, omissions, and failures to act on part of said individual Defendant as alleged above amount to specific misconduct and actionable negligence and said misconduct and negligence is the direct cause of Ms. Marez's incapacitated state and by reason thereof said Defendant is liable to Plaintiff for damages pursuant to O.S. 12 §1051. Plaintiff further alleges that said acts on the part of Defendant amount to substantial risk of serious harm and a deliberate indifference toward the serious medical needs of Plaintiff's daughter and thus were a violation of said Ms. Marez's rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Said acts committed by said Defendant were the proximate cause of Plaintiff's incapacitated state.

## Conspiracy and Coverup

21.   Plaintiff further alleges that each of the individual Defendants herein conspired with each other to cover up and did try to cover up their wrongful acts as alleged herein, in an attempt to prevent their wrongdoing from being discovered. By reason of said acts, Plaintiff endured additional

7

grief, suspicions and mental anguish and is entitled to recover damages therefore, both actual and punitive.

*Punitive Damages*

22.     Plaintiff re-adopts and re-alleges herein all allegations set forth in paragraphs numbered 1 through 21 above.  Plaintiff further alleges that each of the Defendants herein have been guilty of acts evincing a wilful, wanton and/or reckless disregard for the rights of Plaintiff's daughter, and also are guilty of fraud, oppression and/or malice and, thus, in addition to actual damages, Plaintiff is entitled to punitive damages under Oklahoma law.  Plaintiff also alleges that said acts, omissions, and failures to act reflect a wanton or reckless disregard for the rights of Plaintiff's daughter and amount to gross negligence and show a reckless, callous and deliberate indifference to Plaintiff's constitutional rights, and further show a lack of common decency to humankind by failing to provide basic medical treatment.  Thus, Plaintiff is entitled to punitive damages because of the violation of the Constitutional rights of Plaintiff's daughter, Ms. Marez.

*Plaintiff's Damages*

23.     Plaintiff re-adopts and re-alleges herein all allegations set forth in paragraphs numbered 1 through 22 above.  By reason of the violations of Decedent's civil rights under the United States Constitution as herein alleged and Defendants' negligence as herein alleged, Plaintiff sustained the following damages:

a.     Loss of earnings of said Ms. Marez during what would have been the remainder of her life;

b.     Medical expenses incurred as a result of her hospitalization and permanent vegetative state;

8

c.      Pain and suffering suffered by said Ms. Marez;

d.      Ms. Marez's loss of consortium and loss of enjoyment of life;

e.      Plaintiff should be compensated by reason of her grief sustained due to her daughter's permanent injuries and should also be compensated for loss of companionship with her;

f.      Punitive damages because of the willful, wanton and reckless disregard of life and Ms. Marez's rights as exhibited by the Defendants herein; and,

g.      Reasonable attorneys' fees and costs herein.

*Prayer for Relief*

WHEREFORE, premises considered, Plaintiff prays for actual damages against the Defendants herein in the sum of not less than One Hundred Twenty-five Thousand Dollars ($125,000.00), together with punitive damages in the amount of not less than One Hundred Twenty-five Thousand Dollars ($125,000.00) and a reasonable attorneys' fees, costs, pre-judgment and post-judgment interests as provided by law, and for such and other relief as may be proper in the premises.

_____
Peter A. Erdoes, OBA #11298
21 East Main Street, Suite 101
Oklahoma City, Oklahoma 73104
(405) 232-3533  Phone
(405) 232-8330  Fax
peter.erdoes@gte.net
ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

     This is to certify that on January 24, 2013, a true and correct copy of the above and foregoing was transmitted electronically via the Court's ECF system to the following:

     David W. Lee
     Emily B. Fagan
     leelawok@swbell.net

     Robert S. Lafferandre
     Randall J. Wood
     Jessica L. Speegle
     rlafferrandre@piercecouch.com

     Carol Price Dillingham
     carol.dillingham@dac.state.ok.us

                      s/ Peter A. Erdoes _____

Y:\Firm\File\1454-001 Gilbreath v Cleveland County\Amended Complaint.2d.wpd