# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

SUZANNE M. GILBREATH, individually )
  and in her official capacity as Guardian of )
Lacee Danielle Marez, an incapacitated )
person, )
         )
             Plaintiff, )
         )
      vs. )    CIV-11-1037-D
         )
CLEVELAND COUNTY BOARD OF )
  COUNTY COMMISSIONERS, et al., )
         )
           Defendants. )

## ORDER

On June 3, 2013, pursuant to the May 16, 2013 Order [Doc. No. 68] entered herein, the Court

conducted a hearing on Plaintiff's motion [Doc. No. 54] to substitute plaintiff and appoint a guardian

ad litem for Lacee Danielle Marez, an incapacitated adult.  As explained in the May 16 Order,

appointment of a guardian ad litem is requested because Ms. Marez's mother, Suzanne M. Gilbreath,

who filed this lawsuit in both her individual capacity and as Ms. Marez's legal guardian, is

physically and emotionally unable to continue to represent Ms. Marez in this lawsuit.  Plaintiff's

counsel represented that Ms. Gilbreath agrees with this request.  Pursuant to Fed. R. Civ. P. 17(c),

Plaintiff asked the Court to appoint Jason Waddell, an Oklahoma County attorney, to serve as

guardian ad litem.    Defendants objected on several grounds, and the Court scheduled the matter

for hearing, directing that both Ms. Gilbreath and Mr. Waddell attend.

At the hearing, Plaintiff's counsel again explained the physical and emotional difficulties

faced by Ms. Gilbreath, and confirmed that the Pottawatomie County guardianship proceeding, in

which Ms. Gilbreath was appointed Ms. Marez's legal guardian, was dismissed in December of 2012.[1]  Upon questioning by the Court at the hearing, Ms. Gilbreath confirmed that she is unable to continue to represent Ms. Marez in this matter and that she supports the appointment of Jason Waddell to serve as Ms. Marez's guardian ad litem.

During the hearing, the Court also questioned Jason Waddell regarding his qualifications to serve and his understanding of the fiduciary duties and obligations of a guardian ad litem.  He is a licensed attorney in Oklahoma and, prior to opening his own practice, he served as an assistant Oklahoma County District Attorney.  In that capacity, he was involved in many juvenile and other court proceedings which required appointment of a guardian ad litem.  As a result, he is familiar with the duties and obligations of a guardian ad litem,  including his fiduciary obligation to Ms. Marez and his role as an officer of the Court.  Mr. Waddell also confirmed that he has researched the issues in this case to ascertain the amount of time required to fulfill the duties of a guardian ad litem, and  his current legal practice allows him sufficient time to fully satisfy the obligations.

The Court also heard the argument of Defendants, who acknowledged that, under the current circumstances,  Fed. R. Civ. P. 17(c) authorizes the Court to appoint a guardian ad litem at this time. However, Defendants remain concerned that Mr. Waddell has no close familial or personal relationship with Ms. Marez.  Defendants inquired about Ms. Marez's father, who visited her in the hospital in 2009 shortly after the incident underlying the claims in this lawsuit.  They suggested that he or another relative or close friend would be preferable candidates to serve as guardian ad litem.

Upon questioning by the Court, Ms. Gilbreath acknowledged that Ms. Marez's father visited

---

[1] These matters are discussed in detail in the Court's May 16 Order [Doc. No. 68], and need not be repeated here, as the explanation during the hearing was consistent with that set forth in the Order.

her once in 2009 while she was hospitalized, but stated he has had no contact with her since then. Ms. Gilbreath does not know his whereabouts at this time. She also confirmed Ms. Marez has no siblings or other family members or close friends who would be candidates for appointment. Defendants have no information to the contrary.

As explained in the Court's May 16 Order, Fed. R. Civ. P. 17(c) authorizes the Court to appoint a guardian ad litem. Based on the parties' representations at the hearing and the findings explained in the May 16 Order, Ms. Gilbreath no longer serves as the state court-appointed guardian for Ms. Marez. Even if she continued in that capacity, however, Rule 17 authorizes the Court to appoint a guardian ad litem when the appointed legal guardian cannot perform the necessary duties in the action pending before the Court. Fed. R. Civ. P. 17(c)(2).

The Court finds that, under the circumstances, a guardian ad litem should be appointed for Ms. Marez, as Ms. Gilbreath is no longer able to serve in that capacity. The Court further finds that Jason Waddell is qualified to serve as guardian ad litem.

Accordingly, the motion [Doc. No. 54] to appoint Jason Waddell as guardian ad litem on behalf of Plaintiff Lacee Danielle Marez in this lawsuit is GRANTED. Plaintiff is directed to file a Fourth Amended Complaint to reflect that Ms. Marez's claims will be pursued on her behalf by the guardian ad litem and to do so no later than 21 days from the date of this Order. In this regard, the Court also notes that, prior to requesting a guardian ad litem, Plaintiff filed a motion [Doc. No. 65] to file a Fourth Amendment Complaint to name additional defendants. Defendants did not object, and confirmed at the hearing that they have no objection to that request. Plaintiff's motion [Doc. No. 65] is GRANTED; the additional parties may be named in the amended complaint to be

filed herein.[2]

IT IS SO ORDERED this 3rd day of June, 2013.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]During the hearing, Plaintiff's counsel suggested that Ms. Gilbreath may decide not to pursue the claims asserted in this case in her individual capacity. If so, those claims should be eliminated from the Fourth Amended Complaint to avoid the necessity of future additional amendments.