# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON WADDELL, as Guardian Ad Litem of Lacee Danielle Marez, an incapacitated person, )<br><br>Plaintiff, )<br><br>v. )<br><br>BOARD OF COUNTY COMMISSIONERS OF CLEVELAND COUNTY, *et al.*, )<br><br>Defendants. ) | Case No. CIV-11-1037-D |

## ORDER

Before the Court is the Motion to Dismiss of Defendants ESW Correctional Healthcare, LLC and Sooner Medical Staffing, LLC [Doc. No. 78]. Plaintiff has filed a Response [Doc. No. 79], Defendants have filed a Reply [Doc. No. 81] and Plaintiff has filed a Surreply [Doc. No. 101]. The matter is fully briefed and at issue.

Lacee Danielle Marez suffered injuries as the result of alleged denial of proper medical care while she was a detainee at the Cleveland County Detention Center in September 2009. Plaintiff, as Guardian Ad Litem of Ms. Marez, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of Ms. Marez's constitutional rights. On June 20, 2013, Plaintiff filed a Fourth Amended Complaint [Doc. No. 71] and added supplemental state law claims against Defendants ESW Correctional Healthcare, LLC (ESW) and Sooner Medical Staffing, LLC (Sooner Medical) arising out of their contract with the Cleveland County Sheriff's Department to provide medical care to inmates at the Cleveland County Detention Center.

ESW and Sooner Medical (collectively, the Moving Defendants) seek dismissal of the state law claims brought against them in the Fourth Amended Complaint. Specifically, the Moving Defendants contend Plaintiff's state law tort claims are time-barred by the applicable limitations

period or, alternatively, the Oklahoma Governmental Tort Claims Act. The Moving Defendants further contend Plaintiff's breach of contract claim is barred because Plaintiff is not a third-party beneficiary of the subject contract.

## Standard Governing Motions to Dismiss

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir.2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir.2007) (internal quotation omitted).

## Discussion

### A. The Timeliness of Plaintiff's State Law Tort Claims

Plaintiff brings tort claims against the Moving Defendants related to and arising out of their contractual obligations to provide medical care to detainees at the Cleveland County Detention Center. *See* Fourth Amended Complaint, ¶¶ 34-43. Initially, in moving for dismissal of the tort claims as time barred, the Moving Defendants relied upon the two-year limitations period governing actions for "injury to the rights of another, not arising from contract," set forth in Okla. Stat. tit. 12,

§ 95(A)(3). *See* Motion [Doc. No. 78] at pp. 4-5 ("Plaintiff's claims against ESW and Sooner Medical fall under Oklahoma law (alleged torts occurred in Oklahoma); the statute of limitations for such personal injury torts is two years."). The Moving Defendants contended they did not receive notice of Plaintiff's claims until March 2013, well beyond the expiration of the two-year limitations period.[1] The Moving Defendants further claimed the doctrine of relation back did not apply to render the state law tort claims timely.

In response, Plaintiff contended Defendants obstructed Plaintiff from timely identifying the Moving Defendants. Plaintiff further contended that because Ms. Marez is incapacitated, the two-year limitations period is tolled. *See* Okla. Stat tit. 12, § 96 ("If a person entitled to bring an action . . . be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed.").

The allegations of the Fourth Amended Complaint state that Ms. Marez is permanently incapacitated and has been in a pervasive vegetative state since incurring her injuries in September 2009. *See id.*, Doc. No. 71 at ¶¶ 1, 13. Those allegations, viewed as true for purposes of the Moving Defendant's motion to dismiss, are sufficient to establish tolling pursuant to § 96. *Compare Walker v. Pacific Basin Trading Co.*, 536 F.2d 344, 347 (10th Cir. 1976) (recognizing that "[a] comatose condition might qualify as a legal disability" for purposes of Okla. Stat. tit. 12, § 96 and denying motion to dismiss brought by defendant regarding claims brought against it in amended complaint filed after the two year limitations of Okla. Stat. tit. 12, § 95 had otherwise run); *see also Freeman v. Alex Brown & Sons, Inc.*, 73 F.33d 279, 281-82 (10th Cir. 1996) (accord).

---

[1]Plaintiff filed the Fourth Amended Complaint on June 20, 2013 identifying the Moving Defendants and bringing the state law tort and breach of contract claims against them. But the Moving Defendants state they first received notice of Plaintiff's claims in March 2013 when their registered service agent was served with a subpoena duces tecum issued by Plaintiff in this action.

In their reply, the Moving Defendants appear to abandon their reliance on Okla. Stat. tit. 12, § 95(A)(3) as barring Plaintiff's state law tort claims and concede that § 96 tolls the limitations period. They make no reference to either statutory provision. Nor do the Moving Defendants challenge the sufficiency of the allegations of the Fourth Amended Complaint regarding the incapacity of Ms. Marez. Accordingly, the Moving Defendants have not shown, for purposes of their Rule 12(b)(6) motion, that Plaintiff's claims are untimely pursuant to Okla. Stat. tit. 12, § 95(A)(3).

Instead, the Moving Defendants raised new grounds for dismissal of Plaintiff's tort claims. Couched in terms of further addressing Plaintiff's tolling argument, they contend the applicable tolling provisions are contained in the Oklahoma Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151 *et seq.*[2] The Moving Defendants' tolling argument presumes that Plaintiff's claims are subject to the GTCA.[3]

Through enactment of the GTCA, the Oklahoma Legislature expressly adopted the doctrine of sovereign immunity and extended immunity from tort liability to the "state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions." Okla. Stat. tit. 51, § 152.1(A). The Moving Defendants contend they are "employees of the state" and, therefore, entitled to GTCA immunity. They did not raise this issue as grounds for dismissal in their motion. Nonetheless, Plaintiff has been provided the opportunity to respond to the GTCA issues raised by the Moving Defendants in their reply. *See* Order [Doc. No. 97]. Therefore, the Court will address the issue.

---

[2]The Moving Defendants now contend that under the GTCA's limitations provisions, only a 90-day tolling period applies where incapacity is an issue. *See* Okla. Stat. tit. 51, § 156(E).

[3]The Court notes that the Fourth Amended Complaint does not purport to assert claims under the GTCA.

4

According to the Moving Defendants, they qualify as "employees" of the state as that term is defined by Okla. Stat. tit. 51, § 152(7)(b)(7) which provides:

> For the purpose of The Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where the duties are performed:
>
> (7) *licensed medical professionals* under contract with city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies[.]

*Id*. (Emphasis added).

The phrase "licensed medical professionals" is not defined under the GTCA. Considering the plain language of the statute, however, the Moving Defendants are not "licensed medical professionals." Instead, Defendants are each limited liability companies. *See Sullins v. American Medical Response of Oklahoma, Inc.*, 23 P.3d 259, 263 (Okla. 2001) (where the language of a statute is clear and unambiguous, no further construction is required or permitted). Under Oklahoma law, a limited liability company is a separate legal entity. Okla. Stat. tit. 18, § 2004(B)(1); *see also* Okla. Stat. tit. 18, § 2003(1). A limited liability company is not a person and cannot obtain a medical license. *Compare* Black's Law Dictionary, 1246 (8th ed. 2004) (defining "professional" as a "*person who belongs to a learned profession*") (emphasis added). Indeed, because a limited liability company is not a person, it cannot appear on its own behalf in court. *Compare In re Shattuck*, 411 B.R. 378, 384 (BAP 10th Cir. 2009) (recognizing that a limited liability company is an artificial entity that cannot appear in federal court except through licensed counsel).

The Moving Defendants, therefore, fail to demonstrate that the allegations of Plaintiff's Fourth Amended Complaint subject the tort claims brought against them to GTCA immunity on grounds that, as limited liability companies, they qualify as "licensed medical professionals" under

5

§ 152(7)(b)(7).[4] Because Defendants invoke no other provision of the GTCA to support dismissal of Plaintiff's state law tort claims, their motion to dismiss those claims is denied.[5]

### B. Third-Party Beneficiary Breach of Contract Claim

As set forth previously, the Moving Defendants contracted with the Cleveland County Sheriff's Department to provide medical staffing and administration services at the Cleveland County Detention Center for persons detained there. Plaintiff brings a breach of contract claim against the Moving Defendants as a third-party beneficiary. *See* Fourth Amended Complaint at ¶¶ 44-47.

The Moving Defendants ask the Court to consider the subject contract (Contract) without converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (providing that where matters outside the pleadings are presented to and not excluded by the court, in support of a 12(b)(6) motion, the motion must be treated as one for summary judgment). The Contract is not attached to the Fourth Amended Complaint, but the Moving Defendants have submitted the Contract for the Court's review.

---

[4]The Court notes the Moving Defendants' reliance on the unpublished decision in *Cox v. Glanz*, No. 11-CV-457-CVE, 2011 WL 4824383 (N.D. Okla. Oct. 6, 2011) as further support for dismissal pursuant to § 152(7)(b)(7). In that case one of the Defendants, Correctional Healthcare Management of Oklahoma, Inc. (CHMO) contracted with the Tulsa County Sheriff's Department to provide medical services to inmates at the Tulsa County Jail. In addition to the Tulsa County Sheriff and Board of County Commissioners, Plaintiff sued CHMO and its employees alleging negligent acts or omissions in failing to provide medical and mental health treatment. In that case, unlike the present case, Plaintiff specifically brought state law claims under the GTCA. The Court addressed whether Plaintiff's allegations of negligence were sufficiently pled. The Court, *sua sponte*, noted that § 152(7)(b)(7) *may* bar the plaintiff's claims against CHMO and its employees but the issue was not pending before the Court and the Court did not further address it. *Cox*, 2011 WL 4824383 at *7 n. 4. For these reasons, the Court finds the *Cox* decision provides no definitive guidance to resolution of the issues presented here.

[5]At this time, the Court need not address Plaintiff's additional argument that the Moving Defendants acted as independent contractors and, therefore, are exempt from the GTCA's definition of employee. *See* Okla. Stat. tit. 51, § 152(7)(a)(1). Nor does the Court need to address Plaintiff's reliance upon *Bosh v. Cherokee County Bldg. Authority*, 305 P.3d 994 (Okla. 2013) as a basis for imposing liability notwithstanding any bar presented by the GTCA.

Plaintiff initially challenged the authenticity of the copy of the Contract the Moving Defendants attached to their motion to dismiss which was stamped "unofficial." *See* [Doc. No. 78-2]. In their Reply, the Moving Defendants provided a copy of the Contract, demonstrating it is a public record and has been certified by the County Clerk of Cleveland County, State of Oklahoma. *See* [Doc. No. 81-2].

The Contract is referred to in Plaintiff's Fourth Amended Complaint and is central to Plaintiff's claims against the Moving Defendants. Upon the Moving Defendants' production of the Contract certified by the County Clerk of Cleveland County, Plaintiff has not further challenged the authenticity of the Contract. And, as a public record, the Court can take judicial notice of the Contract. *See* Fed. R. Evid. 201(b). Under these circumstances, the Court will consider the Contract in ruling on the Moving Defendants' motion to dismiss without converting the motion to one for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) ("If a plaintiff does not incorporate by reference or a attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to consider on a motion to dismiss."); *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-1254 (10th Cir.2005) (accord).

Initially, Sooner Medical claims it is not a "proper party" to the breach of contract claim because it is not a party to the Contract. The Contract states: "This Contract is entered into between the Cleveland County Sheriff's Department, Oklahoma ("Agency") and ESW Correctional Healthcare, LLC, an Oklahoma Limited Liability Company and subsidiary of Sooner Medical Staffing LLC, an Oklahoma Limited Liability Company ("Contractor")." *See* Contract [Doc. No.

7

81-2] at p. 2. Because Plaintiff has not had the opportunity to present evidence as to the relationship between ESW and Sooner Medical or the intent of the parties as to whether one or both entities were contracting parties, dismissal of Plaintiff's breach of contract claim against Sooner Medical on this basis and at this early stage is denied.

The Moving Defendants further contend Plaintiff is not a third-party beneficiary of the Contract. They argue that Plaintiff is "merely a member of the public, nothing more" and that "*as a resident of Cleveland County*, she cannot enforce the contract between the Cleveland County Sheriff's Department and ESW." *See* Motion [Doc. No. 78] at p. 12 (emphasis added). They further contend the Contract "makes no express statements that it is to benefit Ms. Marez or residents of Cleveland County." *Id*. at p. 13.

Oklahoma law provides that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Okla. Stat. tit. 15, § 29. The third-party beneficiary need not be a party to or be named in the contract to occupy third-party beneficiary status. *Shebester v. Triple Crown Insurers*, 826 P.2d 603, 610 (Okla. 1992). Instead, the parties' intent controls, "as reflected in the contract which must provide the answer to the question of whether the contracting parties intended that a third person should receive a benefit which might be enforced in the courts." *Keel v. Titan Constr. Corp*., 639 P.2d 1228, 1231 (Okla. 1981). Thus, the resolution of the issue requires construction of the contract and its terms. *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Casualty & Sur. Co*., 545 P.2d 746, 749 (Okla. 1976).

The Moving Defendants' argument is not persuasive. Plaintiff does not seek to establish that Ms. Marez is a third-party beneficiary of the Contract based on her status as a resident of Cleveland County, but as a detainee at the Cleveland County Detention Center. Section I of the Contract

contains numerous provisions that evidence the parties' intent that the purpose of the Contract is to provide medical care to detainees and, necessarily, therefore, that those detainees are third-party beneficiaries:

- ***Contract Preamble***, p. 2 – identifying that the purpose of the Contract is to provide for the "Medical Staffing and Administration of the Cleveland County Detention Center."

- ***Scope of Contract***, p. 2 – Contractor "shall be responsible for all medical care for all inmates." *See also **Medical and Nursing Services Provided***, p. 5.

- ***Medical Co-Pay System***, p. 2 – Contractor is required to run an inmate co-pay system and is to be "reimbursed for all costs associated with running and collecting the co-pays."

- ***Insurance***, p. 2 – Contractor is required to carry professional liability insurance. *See also **Personel [sic] Record Keeping***, p. 4 Requiring that "malpractice insurance must be available for all physicians and Nurse Practitioners/Physician Assistants, and other employees, if applicable."

- ***Grievances***, p. 5 – Contractor is required to document and log all inmate grievances.

- ***Pharmaceutical***, p. 3 – Contractor "shall provide a complete pharmaceutical system for all inmates housed at the Facility."

- ***Testifying in Court***, p. 6 – Contractor personnel may be required to testify in court "regarding medical treatment or inmate condition or behavior."

- ***Transportation***, p. 6 – Contractor is required to arrange for "inmate transportation for emergency ambulance care."

*See* Contract [Doc. No. 81-2], Section I at pp. 2-6.

Construing these contractual terms in the light most favorable to Plaintiff, the Fourth Amended Complaint alleges sufficient facts to state a plausible breach of contract claim based on Ms. Marez's status as a third-party beneficiary of the Contract. The Moving Defendants motion to dismiss is, therefore, denied.

9

**Conclusion**

Pursuant to the foregoing, the Moving Defendants' Motion to Dismiss [Doc. No. 78] is DENIED.  Plaintiff has stated plausible state law tort and breach of contract claims for relief sufficient to withstand dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS SO ORDERED this 15th day of April, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE